IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK TUFANO, | : Civil No. 3:24-CV-1252 |
| Plaintiff, | : |
| | : (Judge Munley) |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| ANNA FILATOVA, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

On July 26, 2024, Frank Tufano commenced the above-captioned action by lodging a *pro se* civil complaint (Doc. 1), followed by an application for leave to proceed *in forma pauperis* (Doc. 2). In his application for leave to proceed *in forma pauperis*, the plaintiff asserted, *inter alia*, that he receives no income from any business, profession, or other self-employment. (*Id.* at 1). We denied Tufano's application for leave to proceed *in forma pauperis*, noting that Tufano's filings in this case and others[1] suggested that he did, in fact, receive some income from self-

---

[1] Tufano has filed almost identical applications for leave to proceed *in forma pauperis* in several cases in this district. *See Tufano v. Frankies Free Range Meat Conspirators*, No. 3:24-CV-846; *Tufano v. Reddit, Inc.*, No. 3:24-CV-1114; *Tufano v. Fenix Internet, LLC*, No. 3:24-CV-1115; *Tufano v. TikTok Inc.*, No. 3:24-CV-1116; *Tufano v. Miller, et al*, No. 3:24-CV-1117.

employment as the owner of an online retail business, Frankie's Free Range Meat. (Doc. 4 at 1-2). We further noted that Tufano's allegations in the instant case appeared to belie his assertions in his IFP application that he received no income from a business or self-employment. (*Id.*).

Accordingly, on November 25, 2024, the undersigned issued an Order denying the plaintiff's application for leave to proceed *in forma pauperis*. (Doc. 4). The Court's Order explained to Tufano that, if he wished to proceed with this lawsuit, he was required to either file an amended application for leave to proceed *in forma pauperis* (the proper form was attached), or tender payment in the amount of $405.00 to the Clerk of Court, on or before December 9, 2024. (*Id.*). The plaintiff was specifically cautioned that his failure to comply with the Court's Order may result in this action being dismissed without prejudice. (*Id.*).

The December 9, 2024 deadline, as set forth in the Order has passed, and—as reflected by the Court's docket— the plaintiff has not filed an amended application for leave to proceed *in forma pauperis*, tendered payment in the amount of $405.00 to the Clerk of Court, or sought an extension of time in which to do so. As such, the Court concludes that Plaintiff has not complied with the Court's November 25,

2024 Order. The plaintiff was specially cautioned that his failure to comply with that Order may result in dismissal of this action. Thus, because the plaintiff was so cautioned, and because there is no indication from the Court's docket that the plaintiff did not receive that Order, the undersigned concludes that dismissal of this action is appropriate.

Accordingly, for the foregoing reasons, IT IS RECOMMENDED THAT:

1. This action be dismissed without prejudice for the plaintiff's failure to comply with the Court's November 25, 2024 Order (Doc. 4) directing him to file an amended application for leave to proceed *in forma pauperis* or to tender payment in the amount of $405.00 to the Clerk of Court; and

2. The Clerk of Court be directed to close this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties,

3

written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 15th day of January 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
