IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK TUFANO,** | : | No. 3:24cv1252 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Bloom) |
| **ANNA FILATOVA,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **ORDER**

Pending before the court is the Report and Recommendation ("R&R") of Chief Magistrate Judge Daryl F. Bloom recommending that this action be dismissed without prejudice. (Doc. 5). The R&R is premised upon Plaintiff Frank Tufano's failure to file an amended motion for leave to proceed *in forma pauperis* ("IFP") or tender the payment of filing and administrative fees to the Clerk of Court. (Doc. 5).

According to his *pro se* complaint, Tufano operates an internet-based business called Frankie's Free Range Meat. (Doc. 1, ¶ 1). Per Tufano, Frankie's Free Range Meat "has sold thousands of eggs per week for several years[,]" and "over 1000 lbs of…ground beef products in the past two weeks[.]" (Doc. 1, ¶¶ 8, 9).

Tufano asserts that one of his customers authored several false reviews on his website and on a service provided by Google. As alleged, Defendant Anna

Filatova first stated that duck eggs shipped by Tufano's business arrived in a poorly packaged manner and gave her food poisoning. (Id. ¶ 6). According to Tufano, he gave the defendant a refund despite suspicious timing between when the duck eggs were delivered and when she contacted the plaintiff about the issue. (Id. ¶¶ 7-8).

Undeterred by the purported food poisoning, the defendant then ordered "over 25 different items," including "local beef[.]" (Id. ¶ 9). The defendant subsequently wrote a review indicating that the product was "impossible to chew and completely inedible." (Id.) The review also stated that Tufano shipped "[o]ther packs of ground beef" that were actually "expired products" from national supermarket retailers "for [a] higher price than at the store." Id. Based on the defendant's conduct, Tufano suspected that the defendant was engaging in "a tactic commonly used by previous conspirators[.]" (Id.).

In response to the negative reviews, Tufano filed this defamation action premised upon the court's diversity jurisdiction. Tufano claims a business loss of "175 potential customer[s] per day which equates to $5,250 lost in revenue daily, [for] a total of $84,000 as of July 26, 2024." (Id., Prayer for Relief, ¶ 1C.).

In conjunction with filing the complaint, Tufano also moved for leave to file IFP. (Doc. 2). The plaintiff's IFP form indicates, however, that he did not receive income from any business, profession, or other self-employment. (Id.)

Tufano's matter was referred to Chief Magistrate Judge Bloom. Prior to issuing the R&R recommending dismissal, the chief magistrate judge noted the contradictions among Tufano's descriptions of his business, his damages claims, and the averments in his IFP application. (Doc. 4). The chief magistrate judge thus denied plaintiff's motion for leave to proceed IFP as incomplete. (Doc. 4). In denying the plaintiff IFP status, the chief magistrate judge ordered Tufano to provide clarification in an amended IFP application or pay the filing fee. (Id.) When Tufano did not respond in a timely manner, the magistrate judge issued the R&R recommending dismissal of this action without prejudice. (Doc. 5). No objection to the R&R has been filed and the time for such filing has passed.

In deciding whether to adopt an R&R when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After review, the court finds neither plain error nor manifest injustice on the face of the record. In ruling upon a motion for leave to proceed IFP, the plaintiff's economic status is the critical issue. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d

Cir. 1976). Tufano's averments about his economic status cannot all exist together in the same factual universe.

In the prior order, Chief Magistrate Judge Bloom offered Tufano sufficient opportunity to clarify contradictory averments as to his economic status or otherwise pay the full filing fee to proceed with this action. The chief magistrate judge also cautioned that the failure to comply with his order could result in dismissal of this action. Over the past several months, Tufano has simply decided not to address the issues surrounding his averments.

Under the circumstances, dismissal without prejudice is an appropriate way to address this matter. See Lindsey v. Roman, 408 F. App'x 530 (3d Cir. 2010) (affirming he dismissal of a *pro se* litigant's complaint where the litigant did not pay the filing fee or submit the appropriate forms in support of his application to proceed IFP). As noted above, Tufano raises a single state law claim for defamation based on negative internet reviews from July 2024. (Doc. 1, Compl. ¶¶ 5). Under Pennsylvania law, "[t]he statute of limitations for defamation claims is one year from the date of publication." In re Phila. Newspapers, 690 F.3d 161, 174 (3d Cir. 2012) (citing 42 PA. CONS. STAT. § 5523). Chief Magistrate Judge Bloom's recommendation thus preserves Tufano's ability to proceed if he chooses to do so.

Accordingly, it is hereby **ORDERED** that:

1) The R&R (Doc. 5) is **ADOPTED** in full;

2) Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice; and

3) The Clerk of Court is directed to close this case.

                                        **BY THE COURT:**

**Date: 02/11/2025**                        *s/ Julia K. Munley*
                                        **JUDGE JULIA K. MUNLEY**
                                        **United States District Court**